**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JACKIE HOSANG LAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. No. 08-10466 (DPW)** |
| **v.** | ) | |
| | ) | |
| **FMR LLC, d/b/a FIDELITY** | ) | **PUBLIC COPY –** |
| **FIDELITY INVESTMENTS;** | ) | **MATERIAL UNDER SEAL** |
| **FMR CORP., d/b/a/ FIDELITY** | ) | **OMITTED** |
| **INVESTMENTS; and FIDELITY** | ) | |
| **BROKERAGE SERVICES, LLC,** | ) | |
| **d/b/a FIDELITY INVESTMENTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants FMR LLC and Fidelity Brokerage Services, LLC[1] (collectively "defendants"), by and through their undersigned counsel, respectfully submit this Answer and Affirmative Defenses to plaintiff Jackie Hosang Lawson's Amended Complaint.

## ANSWER

Plaintiff's introductory paragraphs are expository and a characterization of her claims that do not allege facts and do not require an answer.  To the extent that these paragraphs require an answer, defendants deny the characterization of events set forth by plaintiff in her introductory paragraphs, and defendants further deny her allegations as appropriately set forth in the numbered paragraphs below.

---

[1]     Plaintiff has also named as a defendant FMR Corp., but FMR Corp. has been merged into a limited liability company, the surviving entity of which is defendant FMR LLC.  Accordingly, the defendants here are FMR LLC and Fidelity Brokerage Services, LLC.

1.      Paragraph 1 contains plaintiff's allegations of venue and conclusions of law, not averments of fact for which an answer is required.

2.      Paragraph 2 contains plaintiff's allegations of jurisdiction and conclusions of law, not averments of fact for which an answer is required.

3.      Defendants deny the allegations of Paragraph 3, except to admit that FMR LLC is a limited liability company organized under the laws of Delaware, that it is registered to do business in the Commonwealth of Massachusetts, that its principal office in Massachusetts is at 82 Devonshire Street, Boston, MA 02109, and that FMR LLC is the surviving entity of a merger with FMR Corp.

4.      Defendants deny the allegations of Paragraph 4, except to admit that FMR Corp. was a Delaware corporation, that it was registered to do business in the Commonwealth of Massachusetts, that its principal offices in Massachusetts were located at 82 Devonshire Street, Boston, MA 02109, and that it is no longer registered to do business in the Commonwealth of Massachusetts.  Defendants further state that FMR Corp., an entity that is no longer operating, is not a proper defendant to this action.

5.      Defendants deny the allegations of Paragraph 5, except to admit that Fidelity Brokerage Services, LLC is a limited liability company organized under the laws of Delaware, that it is registered to do business in the Commonwealth of Massachusetts, that its principal office in Massachusetts is at 82 Devonshire Street, Boston, MA, 02109, that its sole member is Fidelity Global Brokerage Group, Inc., that Fidelity Global Brokerage Group, Inc. is a Massachusetts corporation with its principal office in Massachusetts at 82 Devonshire Street, Boston, MA 02109, and that Fidelity Global Brokerage Group, Inc. is a wholly owned subsidiary of FMR LLC.

6.      Defendants admit that plaintiff is a former employee of Fidelity Brokerage Services, LLC, lack knowledge and information sufficient to form a belief as to the accuracy of plaintiff's residence, and deny the remaining allegations of Paragraph 6.

7.      The phrase "Fidelity family of mutual funds" is nowhere defined in the Amended Complaint and is too vague to permit defendants to answer allegations relating to it.  Assuming that this phrase refers to a group of mutual funds overseen by the Board of Trustees of the Fidelity Funds ("Board"), defendants admit that these funds have no employees and are investment companies under the Investment Company Act of 1940.  The remaining allegations of Paragraph 7 are conclusions of law, not averments of fact for which an answer is required.

8.      Defendants deny the allegations of Paragraph 8, except to admit that Fidelity Management and Research Company ("FMR Co.") is a Massachusetts corporation with a principal office in Massachusetts at 82 Devonshire Street, Boston, MA 02109, that it is a wholly owned subsidiary of FMR LLC, and that FMR Co. is a registered investment advisor under 15 U.S.C. § 80b-2(a)(11), serves as a registered investment advisor to certain Fidelity mutual funds and may only provide investment advisory services to a registered investment company through a written contract that specifies the services to be performed and the fees to be paid and that are approved by that investment company's board of trustees.

9.      Defendants admit that the Board reviews and approves investment advisory contracts with FMR Co. and other contracts with entities affiliated with FMR LLC.  The remaining allegations of Paragraph 9 are conclusions of law, not averments of fact for which an answer is required.

9.1     Defendants admit the allegations of Paragraph 9.1.

10.     Defendants admit the allegations of Paragraph 10.

10.1     Defendants deny the allegations of Paragraph 10.1, except to admit that the Board considers FMR Co.'s annual profit and loss statements and that the reported margins are among the factors that may influence the fee.

10.2     Paragraph 10.2 contains conclusions of law, not averments of fact for which an answer is required.

10.3     Paragraph 10.3 contains conclusions of law, not averments of fact for which an answer is required.

10.3(2)  Paragraph 10.3(2) contains conclusions of law, not averments of fact for which an answer is required.

10.4     The allegations of Paragraph 10.4, which do not specify the annual report to which plaintiff refers, are too vague to permit defendants to respond.  Defendants accordingly deny the allegations of Paragraph 10.4, except to admit that annual reports to shareholders of Fidelity funds are filed with the Securities and Exchange Commission.

10.5     The allegations of Paragraph 10.5, which do not specify the year in which the statement of additional information was purportedly filed, are too vague to permit defendants to respond.  Accordingly, defendants deny the allegations of Paragraph 10.5, except to admit that statements of additional information have been filed by Fidelity funds with the Securities and Exchange Commission.

11.      Defendants deny the allegations of Paragraph 11.

12.      Defendants admit that contracts and subcontracts exist between and among certain Fidelity entities and the Fidelity mutual funds.  The remainder of Paragraph 12 contains conclusions of law, not averments of fact for which an answer is required.

13.     Defendants deny the allegations of Paragraph 13.  Defendants further object to plaintiff's characterization of the defendants as "Fidelity Investments," a service mark under which some of defendants' functions are performed, and not an accurate characterization of the interrelationship between the defendants and other entities.

14.     Defendants admit the allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15, except to admit that on February 26, 2007, the named respondents submitted a position statement in response to plaintiff's December 20, 2006 complaint, in which they requested that the complaint be dismissed. Defendants refer the Court to its position statement for a full statement of its contents.

16.     Defendants admit the allegations of Paragraph 16.

17.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the statements regarding plaintiff's contact with the OSHA investigator.  Defendants deny the allegations of Paragraph 17, except to admit that on or about August 27, 2007, the OSHA investigator assigned to the case advised defendants' counsel that she had concluded that defendants were covered by the Sarbanes-Oxley Act whistleblower provisions and that she would continue with her investigation of plaintiff's complaint.

18.     Defendants admit the allegations of Paragraph 18.

19.     Defendants admit the allegations of Paragraph 19.

20.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except to admit that defendants submitted letters to the Office of Whistleblower Protection on September 13, 2007 and November 1, 2007.  Defendants refer the Court to those letters for a full statement of their contents.  Defendants also specifically deny any implication that their objective in submitting such letters was to improperly interfere with OSHA's investigation of plaintiff's complaint.

21.     Defendants admit the allegations of Paragraph 21.

22.     Defendants admit the allegations of Paragraph 22.

23.     Defendants admit that the notice attached at Exhibit 7 is dated January 28, 2008, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24.     The allegations of Paragraph 24 regarding employment by "Fidelity Investments" are too vague to permit defendants to respond.  Accordingly, defendants deny the allegations of Paragraph 24, except to admit that plaintiff worked on a temporary basis for Fidelity Brokerage Services, LLC at times between 1993 and 1996, that she was employed full-time by Fidelity Brokerage Services, LLC beginning in 1996, and that her paychecks were issued by FMR Corp.

25.     Defendants deny the allegations of Paragraph 25, except to admit that plaintiff held the position of Director of Finance beginning in 1999 and held the position of Senior Director of Finance beginning in 2001.

26.     Defendants deny the allegations of Paragraph 26, except to admit that prior to August 2004, the three main business units within Fidelity Brokerage Services, LLC (Personal Investments, National Financial, and Registered Investment Advisors) worked directly with FMR Co. and PwC.

27.     Defendants deny the allegations of Paragraph 27, except to admit that plaintiff reviewed models used by NF and RIA in 2004, that she had experience in "activity based costing," and that the quoted language is an accurate excerpt of a portion of plaintiff's July 1, 2003-June 30, 2004 review.

28.     Defendants deny the allegations of Paragraph 28, except to admit that on or about August 2004, Shared Services was formed to assist in providing information for the NF, RIA, and PI groups to FMR Co.

29.     Defendants deny the allegations of Paragraph 29, except to admit that a position supervising the analysts working for the Board Support Group was offered to at least one candidate before it was offered to plaintiff.

30.     Defendants deny the allegations of Paragraph 30, except to admit that plaintiff was appointed to supervise the analysts working for the Board Support Group in August 2004.

31.     Defendants deny the allegations of Paragraph 31, except to admit plaintiff was tasked with rebuilding NF and RIA models, and that the quoted language is an accurate excerpt of a portion of plaintiff's January 1, 2004-December 31, 2004 review.

31.1.   Defendants deny the allegations of Paragraph 31.1.

32.     Defendants deny the allegations of Paragraph 32.


**MATIERAL UNDER SEAL**


32.2    Defendants deny the allegations of Paragraph 32.2, except to admit that under certain circumstances, changes to methodologies used to determine profitability are to be reported to the Board or its Audit Committee.

**MATERIAL UNDER SEAL**


33.     Defendants deny the allegations of Paragraph 33, except to admit that the quoted language is among comments made in plaintiff's July 1, 2004-July 30, 2005 review.

34.     Defendants deny the allegations of Paragraph 34, except to admit that plaintiff was given an overall rating of "Proficient."

34.1    Defendants deny the allegations of Paragraph 34.1, except to admit that Jean Raymond, PI Finance CFO, requested that plaintiff be removed from her position supervising the Board Support Group's analysts a few months after she assumed that role.

35.     Defendants deny the allegations of Paragraph 35, except to admit that plaintiff, as part of her job responsibilities, reviewed PI Fund profitability methodologies and interacted regularly with her managers and other Fidelity business units.

**MATERIAL UNDER SEAL**

35.2    Defendants admit the allegations of Paragraph 35.2.

35.3    Defendants deny the allegations of Paragraph 35.3, except to admit that general meetings were held in which the relationship between Shared Services and the business unit finance teams were discussed.

36.     Defendants deny the allegations of Paragraph 36, except to admit that plaintiff was asked by Mr. Komishane to work on a long-term project and that she also assisted on the 2006 fund profitability cycle.

36.1    The allegations of Paragraph 36.1, which do not specify which "change to the methodology" to which plaintiff refers, are too vague for defendants to respond.  Accordingly, defendants deny the allegations of Paragraph 36.1.

37.     Defendants deny the allegations of Paragraph 37, and specifically state that plaintiff engaged in discussions regarding various methodologies as a part of her role in the

Board Support Group, which was one of several groups that provided input on the implementation and use of methodologies.

37.1    Defendants deny the allegations of Paragraph 37.1.

**MATERIAL UNDER SEAL**

38.    Defendants deny the allegations of Paragraph 38, except to admit that the Board Support Group and the PI Finance subcommittee met regularly during mid-2006 to review PI fund profitability methodologies.

**MATERIAL UNDER SEAL**

38.2    Defendants deny the allegations of Paragraph 38.2.

39.    Defendants deny the allegations of Paragraph 39, except to admit that plaintiff and at least one other individual received only an oral review in July 2006 and did not receive a written review until later that year.

39.1    Defendants deny the allegations of Paragraph 39.1, except to admit that plaintiff's written review contains the quoted comment and that plaintiff did not receive a share award in 2006.

**MATIERAL UNDER SEAL**

39.3    Defendants admit the allegations of Paragraph 39.3.

39.4    Defendants deny the allegations of Paragraph 39.4.

40.     Defendants deny the allegations of Paragraph 40, except to admit that plaintiff's manager, Mr. Freeman, sought and obtained another position, and that Ms. Cadogan was selected to replace him in a restructured Board Support Group.

40.1    Defendants deny the allegations of Paragraph 40.1.

41.     Defendants deny the allegations of Paragraph 41, except to admit that plaintiff requested that she be considered for the position vacated by her manager.

42.     Defendants deny the allegations of Paragraph 42, except to admit that on September 21, 2006, Mr. Komishane advised plaintiff that Ms. Cadogan would become the head of a restructured Board Support Group.

43.     Defendants deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44, except to admit that Indira Talwani sent a letter to Lena Goldberg dated September 29, 2006 and refer the Court to that letter for a full statement of its contents.

44.1.   Defendants admit the allegations of Paragraph 44.1.

45.     Defendants deny the allegations of Paragraph 45, except to admit that Ms. Cadogan assumed her role as Director of the restructured Board Support Group on or about October 9, 2006.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

47.1    Defendants deny the allegations of Paragraph 47.1, except to admit that plaintiff met with in-house counsel regarding her September 2006 letter to Lena Goldberg.

47.2    Defendants deny the allegations of Paragraph 47.2, except to admit that Mr. Rooney was critical of plaintiff's efforts to prepare certain individuals for meetings with PwC.

**MATIERAL UNDER SEAL**

48.      Defendants deny the allegations of Paragraph 48, except to admit that Indira Talwani wrote a letter dated December 7, 2006 and refer the Court to that letter for a full statement of its contents.

48.1    Defendants admit the allegations of Paragraph 48.1.

49.      Defendants deny the allegations of Paragraph 49, except to admit that on or about December 11, 2006, copies of some of plaintiff's performance reviews were shared with her.

50.      Defendants deny the allegations of Paragraph 50.

51.      Defendants deny the allegations of Paragraph 51.

51.1    Defendants deny the allegations of Paragraph 51.1, except to admit that Lawson filed a complaint with OSHA on December 20, 2006 and that a copy of that complaint is attached as Exhibit 1.

52.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 52, except to admit that defendants were advised on December 20, 2006 regarding plaintiff's filing of a claim with OSHA.

53.      Defendants admit the allegations of Paragraph 53.

**MATERIAL UNDER SEAL**

53.2    Defendants deny the allegations of Paragraph 53.2, except to admit that plaintiff met with one of the PI Investor Center Group offices on or about January 4, 2007.

53.3    The allegations of Paragraph 53.3, which do not define to which "methodology" plaintiff refers, are too vague to permit defendants to respond.  Accordingly, defendants deny the allegations of Paragraph 53.3.

54.    Defendants deny the allegations of Paragraph 54, except to admit that plaintiff contacted the Vice President of Board Support and Business Analysis at FMR Co. during January 2007.

55.    Paragraph 55 of the Amended Complaint contains no allegations; therefore no response is required.

56.    Defendants deny the allegations of Paragraph 56, except to admit that on January 22, 2007, a meeting was attended by plaintiff, Ms. Cadogan, plaintiff's prior manager, Mr. Komishane, Ms. Raymond, the CFO for FMR Co., the Vice President for Board Support and Business Analysis at FMR Co., participants from PwC, and in-house counsel regarding fund profitability methodologies.

**MATERIAL UNDER SEAL**

57.1    Defendants deny the allegations of Paragraph 57.1.

58.    Defendants deny the allegations of Paragraph 58, except to admit that Ms. Cadogan provided to plaintiff a document detailing her expectations for plaintiff's performance.

59.    Defendants deny the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60, except to admit that plaintiff and Ms. Cadogan discussed an issue that plaintiff was directed to research.

MATERIAL UNDER SEAL

60.1(2)	Defendants deny the allegations of Paragraph 60.1(2), except to admit that plaintiff filed a complaint with OSHA on April 24, 2007.

61.	Defendants admit the allegations of Paragraph 61.

62.	Defendants deny the allegations of Paragraph 62, except to admit that plaintiff wrote a letter dated May 10, 2007 to in-house counsel and refer the Court to that memorandum for a full statement of its contents.

62(2).	Defendants deny the allegations of Paragraph 62(2) and refer the Court to plaintiff's May 10, 2007 memorandum for a full statement of its contents.

63.	Defendants deny the allegations of Paragraph 63, except to admit that plaintiff was issued in writing an "oral warning" on May 17, 2007 by Senior Vice President for Shared Services, Harris Komishane.

63.1	Defendants deny the allegations of Paragraph 63.1, except to admit that plaintiff wrote a memorandum dated May 21, 2007 to in-house counsel and refer the Court to that memorandum for a full statement of its contents.

63.2	Defendants deny the allegations of Paragraph 63.2, except to admit that plaintiff wrote a memorandum dated June 6, 2007 to in-house counsel and refer the Court to that memorandum for a full statement of its contents.

64.	Defendants deny the allegations of Paragraph 64, except to admit that Ms. Connolly was assigned to a position above Ms. Cadogan in June 2007 and that plaintiff attempted to inform Ms. Connolly about her pending claims and communications with the SEC.

65.     Defendants deny the allegations of Paragraph 65, except to admit that Ms. Connolly did not perform an annual review of plaintiff because she was not present for most of the year covered by the evaluation.

66.     The allegations of Paragraph 66 relating to plaintiff's "team" are too vague for defendants to respond.  Accordingly, defendants deny the allegations of Paragraph 66, except to admit that on or about July 2, 2007, plaintiff was advised that she would not be receiving an annual salary increase.

67.     Defendants deny the allegations of Paragraph 67, except to admit that on or about July 17, 2007, plaintiff was advised that her performance was rated as "Needs Improvement," and that plaintiff had not before received an overall "Needs Improvement" performance rating during her employment.

67.1    Defendants deny the allegations of Paragraph 67.1, except to admit that plaintiff's counsel wrote a letter dated August 2, 2007 and refer the Court to that letter for a full statement of its contents.

67.2    Defendants deny the allegations of Paragraph 67.2, except to admit that plaintiff's counsel submitted a letter to OSHA on August 10, 2007 and refer the Court to that letter for a full statement of its contents.

68.     Defendants deny the allegations of Paragraph 68, except to admit that plaintiff submitted her response to her 2007 annual merit review on August 16, 2007.

69.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the statements regarding plaintiff's contact with the OSHA investigator.  Defendants deny the allegations of Paragraph 69, except to admit that on or about August 27, 2007, the OSHA investigator assigned to the case advised defendants' counsel that she had concluded that

defendants were covered by the Sarbanes-Oxley Act whistleblower provisions and that she would continue with her investigation of plaintiff's complaint.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71, except to admit that plaintiff tendered her resignation on September 21, 2007.

72.     Defendants deny the allegations of Paragraph 72, except to admit that plaintiff's resignation was treated effective as of September 21, 2007 and that she was compensated as an employee through October 19, 2007.

### COUNT I - RETALIATION IN VIOLATION OF 18 U.S.C. § 1514A

73.     Defendants incorporate by reference Paragraphs 1 through 72 of this Answer as though fully set forth herein.

74.     Paragraph 74 sets forth conclusions of law, not averments of fact for which an answer is required.

75.     Paragraph 75 sets forth conclusions of law, not averments of fact for which an answer is required.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

## COUNT II – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

83.     Paragraph 83 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 83.

84.     Paragraph 84 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 84.

85.     Paragraph 85 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 85.

86.     Paragraph 86 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 86.

87.     Paragraph 87 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 87.

88.     Paragraph 88 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 88.

89.     Paragraph 89 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 89.

89.1     Paragraph 89.1 relates to Lawson's common law wrongful discharge claim, which was dismissed by the Court in its March 30, 2010 Order.  As such, no response is required to Paragraph 89.1.

The remainder of plaintiff's Amended Complaint contains a Prayer for Relief and a Demand for Jury Trial and not averments of fact for which an answer is required.  To the extent an answer is deemed required, defendants deny each and every allegation contained therein and deny that plaintiff is entitled to relief or damages in any amount whatsoever.  Defendants further deny that plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint, and each and every purported cause of action in the Amended Complaint, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Amended Complaint, and each and every purported cause of action in the Amended Complaint, fails to state a claim upon which compensatory damages, attorneys' fees, litigation costs, punitive damages, or any other relief, including reinstatement, may be awarded.

### THIRD DEFENSE

Plaintiff is barred from recovering any alleged damages because of and to the extent of her failure to mitigate damages.

### FOURTH DEFENSE

Plaintiff's claim for reinstatement, back pay and front pay is barred by after-acquired evidence of plaintiff's conduct, including her failure to abide by the terms of her employment agreement with respect to confidential and proprietary information.

**FIFTH DEFENSE**

Plaintiff's claim is barred and she may not recover damages because defendants would have taken the same actions even in the absence of any impermissible motivating factors.

**SIXTH DEFENSE**

The Amended Complaint, and every purported cause of action alleged therein, may be barred in whole or in part by the doctrines of unclean hands, estoppel, waiver, and/or laches.

**SEVENTH DEFENSE**

The Amended Complaint fails to state a claim under the Sarbanes-Oxley Act because neither plaintiff nor defendants are covered by the Act.

**EIGHTH DEFENSE**

Defendants' investigation of this matter is ongoing, and defendants therefore reserve the right to amend this Answer and/or raise additional defenses as appropriate.

**PRAYER**

WHEREFORE, defendants pray as follows:

1.      That plaintiff takes nothing by way of the Amended Complaint;

2.      That the Amended Complaint, and each purported claim for relief alleged therein, be dismissed with prejudice;

3.      That defendants be awarded their costs of suit, including reasonable attorneys' fees; and

4.      For such other and further relief as the Court may deem just and proper.

DATED:  May 25, 2010

Respectfully submitted,

By: _____/s/ Eugene Scalia_____
Eugene Scalia (*pro hac vice*)
Jennifer J. Schulp (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0549

Wilfred J. Benoit, Jr.
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109
Telephone:  (617) 570-1155
Facsimile:  (617) 523-1231

*Attorneys for defendants*

## CERTIFICATE OF SERVICE

I, Eugene Scalia, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 25, 2010.

_____/s/ Eugene Scalia_____