UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JACKIE HOSANG LAWSON,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀CIVIL ACTION
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀NO. 08-10466-DPW
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
FMR LLC, dba FIDELITY⠀⠀⠀)
INVESTMENTS; FMR CORP., dba⠀)
FIDELITY INVESTMENTS; and⠀⠀)
FIDELITY BROKERAGE SERVICES,⠀)
LLC, dba FIDELITY⠀⠀⠀⠀⠀)
INVESTMENTS,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendants.⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JONATHAN M. ZANG,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀CIVIL ACTION
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀NO. 08-10758-DPW
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
FIDELITY MANAGEMENT &⠀⠀⠀)
RESEARCH COMPANY, FMR CO.,⠀)
INC., and FMR LLC f/k/a⠀⠀)
FMR CORP.,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendants.⠀⠀)


MEMORANDUM AND ORDER
July 28, 2010

⠀⠀⠀I have found that the Plaintiffs in these two cases,

involving allegations of unlawful retaliation against employees

of nonpublic companies in the mutual fund industry, state a claim

of violation of the Corporate and Criminal Fraud Accountability

Act of 2002 (the "Sarbanes-Oxley Act"). *Lawson v. FMR LLC*, - - -

F. Supp. 2d - - -, 2010 WL 1345153 (D. Mass. Mar. 31, 2010).  The

Defendants have moved that the dispositive issue of the Sarbanes-Oxley Act's applicability be certified under 28 U.S.C. § 1292(b) for interlocutory appeal to the United States Court of Appeals for the First Circuit.

Certifications under § 1292(b) are not looked upon with favor by the First Circuit. *See, e.g., Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) (characterizing appeals under § 1292(b) as "hen's-teeth rare"). Indeed, after twenty-four years as a District Judge within the Circuit, I cannot recall an occasion in which I have been willing to make a § 1292(b) certification. *Cf. McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1, 13 (D. Mass. 2000) (determining that even when "holding, without an explicit ruling from the Court itself, that prior First Circuit precedent is no longer applicable," the "better procedure, I believe, is to frame the issue clearly for . . . appellate review of a final decision of this court" rather than using the "artificially cumbersome" interlocutory certification process under 28 U.S.C. § 1292(b)). Nevertheless, after careful and extended consideration,[1] I have

---

[1] Before issuing this certification, I chose to await a decision by the Supreme Court in a case which presented an invitation to strike down the Sarbanes-Oxley Act in its entirety. *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 130 S.Ct. 3138 (2010). The Supreme Court instead chose to apply the severability clause in the statute as a means to permit ongoing clarification of ambiguities and adjustment of questionable dimensions to this problematic legislation. *Id*. at 3161-62 (majority opinion); *id*. at 3181 (Breyer, J., dissenting) (noting

determined that  certification is appropriate in these cases.

Section 1292(b) permits certification of controlling questions of law, as to which there is substantial ground for difference of opinion, the immediate appeal of which may materially advance the ultimate termination of the litigation. *See generally* 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 (2d ed.).  The order I entered meets these criteria.

*First*, the question of the applicability of the statute plainly controls this litigation.  Indeed, if my determination that the statute may be extended to non-public affiliates in the mutual fund industry is wrong, the answer to the certified question will prove dispositive of these cases.  Moreover, the question controls this type of Sarbanes-Oxley Act litigation generally.

*Second*, a different view about the applicability question has been stated in a number of judicial and administrative cases. While I have chosen not to adopt that different view, I recognize that the ambiguities inherent in this not altogether carefully crafted legislation have led others to a different conclusion. These other cases did not necessarily provide detailed interpretive analysis.  By contrast, I found it necessary to

---

"[m]any questions are [to be] litigated in the lower courts" as a result of severability decision).

deploy all of the contents of the judicial toolkit in constructing an interpretation faithful to what appears to have been the Congressional intent in enacting the statute.  In any event, the challenged draftsmanship of the Sarbanes-Oxley Act has provided substantial ground within which to stake out different opinions regarding statutory intent.

*Third*, my calculus of the effect of a First Circuit opinion on the question earlier rather than later is that the appellate decision - whether an affirmance or a reversal - will materially advance termination of these cases.  To repeat, if certification results in reversal, these cases are concluded and the question is resolved, at least for the inferior federal courts of this Circuit.  If certification results in affirmance, while additional proceedings will be necessary in this court, the issues will be highly fact intensive but with certain boundaries framed by the appellate holding.  Certainty as to the fundamental legal issue is likely to shape both discovery initiatives and settlement strategies in a fashion which should expedite resolution of these cases overall.

Accordingly, pursuant to 28 U.S.C. § 1292(b), I hereby CERTIFY the following controlling question of law for appellate review:

> Does the whistleblower protection afforded by Section
> 806(a) of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A,
> apply to an employee of a contractor or subcontractor of
> a public company, when that employee reports activity

-4-

which he or she reasonably believes may constitute a violation of 18 U.S.C. §§ 1341, 1343, 1344, or 1348; any rule or regulation of the Securities and Exchange Commission; or any provision of Federal law and such a violation would relate to fraud against shareholders of the public company?

And it is further ORDERED that, during the pendency of the appellate proceedings necessary to dispose of this certification, further action in these cases be STAYED in this Court, with the exception that the Defendants shall answer the complaint and the parties shall within 30 days of this Order exchange the mandatory initial disclosures contemplated by Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26(2)(A).

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE