UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JACKIE HOSANG LAWSON,                )
                                                    )
         Plaintiff,                                 )
v.                                                  )
                                                    )
FMR LLC, dba FIDELITY                   )   Civil Action No. 1:08-cv-10466
INVESTMENTS; FMR CORP., d/b/a       )
FIDELITY INVESTMENTS; and             )
FIDELITY BROKERAGE SERVICES,      )
LLC, d/b/a FIDELITY INVESTMENTS,   )
                                                    )
         Defendants.                            )
_____)

**CONFIDENTIALITY STIPULATION AND ORDER**

It is hereby stipulated and agreed to among all parties to the above-captioned matter ("the

Parties"), through their respective counsel, that certain information, materials or documents that

have been or may be requested or produced in discovery, marked for identification, and/or

introduced into evidence during the above-captioned proceeding may be designated

"CONFIDENTIAL" by any party to this action (the "Action"). The Parties hereby stipulate and

agree that the following procedures shall govern the production and use of all documents,

testimony and other information produced in connection with the discovery and litigation of this

Action.

1.       "Confidential Information" as used herein shall include (a) confidential, personal,

business, personnel, medical or financial information of any party; (b) a trade secret, proprietary

or other confidential research, development, or commercial information, or the like; and/or (c)

any information in the custody, possession, or control of a party, the disclosure of which, absent

this Confidentiality Agreement, could constitute a violation of any third party's expectation of

1

privacy or otherwise violate an obligation of confidentiality that such party owes to a third party. "Confidential Information" may be in any form, including documents, answers to interrogatories, answers to requests for admissions, deposition testimony, and the like.

2.      The existence of this Confidentiality Agreement shall in no way limit or circumscribe the rights of the parties to withhold information on the basis of privilege, including, but not limited to, attorney work product, the attorney-client privilege, or any other evidentiary privilege. A purpose of this Confidentiality Agreement is to encourage the parties to this action to produce documents without the need for intervention by the Court.

3.      A party or third party producing or furnishing information of any nature in connection with this Action may designate as "CONFIDENTIAL" any document, deposition testimony, or other information which the party or third party, in good faith, believes to contain or constitute "Confidential Information." Such designation may be made at the time that the information is produced or furnished by stamping each page of all such documents or information with the word "CONFIDENTIAL," or for documents previously produced, by identifying in writing the Bates number designation or other description of any such documents. For a document consisting of multiple pages, a party may designate the entire document as "CONFIDENTIAL" by so marking each page.  If a document is produced in a format that does not permit all pages to be marked "CONFIDENTIAL," the first page or file name shall be designated with the word "CONFIDENTIAL."

4.      All "Confidential Information" produced or obtained shall be maintained carefully so as to preclude access by persons who are not entitled to receive such information. Once designated as CONFIDENTIAL, the documents or information so designated will remain confidential for all purposes unless and until the designating party notifies opposing counsel of

its intent to remove the designation. The CONFIDENTIAL designation is not waived by the filing of CONFIDENTIAL information with the Court.

5.      To the extent that a party inadvertently fails to mark confidential documents or information as CONFIDENTIAL upon the production of such information, that does not preclude a party from subsequently making such a designation upon becoming aware of such error, provided that such inadvertence or mistake is brought to the attention of the receiving party promptly upon discovery.  Upon notice of inadvertent disclosure, the producing party shall provide properly marked documents or information.  In the event of a dispute as to whether a document or information was produced inadvertently, the burden shall be on the producing party to demonstrate that any asserted inadvertent production was, in fact, inadvertent; provided, however, that if there is a dispute about whether a document or information was produced inadvertently, the document or information shall be treated as CONFIDENTIAL until the dispute is resolved by the Court.

6.      "Confidential Information" submitted in accordance with the provisions of this Agreement shall not be made available to any person designated in paragraph 7(c) and (f) below unless such person agrees:

> (a)      to be bound by the terms hereof;
> (b)      to maintain such "Confidential Information" in confidence;
> (c)      not to reveal the "Confidential Information" to anyone other than persons designated by this Agreement as proper recipients;
> (d)      to use such Confidential Information solely for the purposes of this Action; and
> (e)      to execute a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement

7.      "Confidential Information" may be disclosed only to:

> (a)      counsel of record in this Action and their partners, associates and employees, but only for purposes of this Action;

(b)     the Court and court personnel, including court reporters and stenographers employed in connection with this Action;

(c)     consultants, advisors, vendors or experts retained or utilized by a party to this Action, but only for purposes of this Action, and provided that such person shall first be given a copy of this Agreement and shall sign a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement;

(d)     any of the Defendants, and any entity or person that directly or indirectly, wholly or in part, owns or is owned by, controls or is controlled by or is under common control with Fidelity or FMR LLC or any of its officers, directors, in-house counsel or employees thereof, but only for purposes of this Action;

(e)     the Plaintiff, but only for purposes of this Action; and

(f)     non-party deponents, witnesses, or potential witnesses, but only for purposes of this Action, and provided that such person shall first be given a copy of this Agreement and shall sign a declaration, a copy of which is attached hereto as Exhibit 1, agreeing that he/she is bound by the terms of this Agreement.

8.     Nothing in this Agreement shall affect the right of either party to move for the admission into evidence at a hearing or trial of any document designated CONFIDENTIAL by the other party.

9.     In the case of deposition transcripts or transcripts of hearings or trial, designation of all or a specific portion of the transcript (excluding exhibits) which contain "Confidential Information" shall be made by a statement to that effect on the record in the course of the deposition, hearing or trial by counsel, or by letter to opposing counsel and the stenographer present at the deposition within 14 days of the receipt of the transcript or copy thereof. The designating party shall request that the stenographer mark that portion of the transcript CONFIDENTIAL.  All deposition transcripts (excluding exhibits) shall be treated as containing "Confidential Information" under this Confidentiality Agreement until the expiration of the 14-day period for letter designation.

10.     Any party who wishes to submit "Confidential Information" to the Court in connection with any hearing, motion or responsive pleading must notify the producing party

either 7 business days, or as soon as is practicable, prior to such hearing or prior to filing such

motion, to allow the producing party sufficient opportunity to take steps to have the hearing

conducted *in camera* and the motion (or any "Confidential Information" submitted therewith)

filed under seal.

11.     Nothing in this Confidentiality Agreement shall limit or restrict the business or

other purposes for which a party may use his/her/its own documents or other material

designated as "Confidential Information."

12.     If counsel for a receiving party objects in good faith to the designation by the

producing party of any "Confidential Information" submitted in accordance with this

Agreement, counsel for the receiving party shall so notify counsel for the producing party,

which notice shall: identify the document, testimony or other information; set forth the reasons

for the objection; and identify the person or entities to whom disclosure is proposed.  Counsel

shall confer in good faith in an effort to resolve the status of the subject information. If before or

at the time of such conference the producing party withdraws the CONFIDENTIAL designation

of such information, such producing party shall express that withdrawal by written notice to

counsel for the receiving party.  If the parties are unable to resolve the asserted confidential

status of any document or information, they may either individually or jointly seek relief from

the Court upon at least 10 business days' notice to the other parties, and all parties shall

cooperate in obtaining a prompt hearing concerning the same.  The burden of proving the

appropriateness of the designation as CONFIDENTIAL shall be on the producing party.  The

document or information shall be treated as CONFIDENTIAL until the dispute is resolved by

the Court.  Nothing in this Agreement shall abridge the right of any party to seek judicial review

or relief with respect to any ruling that the Court may make.

13.     Inadvertent production of a document shall not be deemed to waive the producing party's right to assert any privilege or other basis for withholding the document. Any party receiving any inadvertently produced CONFIDENTIAL or privileged material must, immediately upon receiving notice of such inadvertent production, return it to the producing party, including any copy or extract of it.  In the event of a dispute as to whether a document was produced inadvertently, the burden shall be on the producing party to demonstrate that any asserted inadvertent production was, in fact, inadvertent; provided, however, that if there is a dispute about whether a document was produced inadvertently, the document shall be treated as CONFIDENTIAL until the dispute is resolved by the Court.

14.     At the conclusion of this Action, defined for purposes of this Agreement as including all appeals and periods for filing appeals, all documents or information covered by this Agreement, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Agreement, shall be destroyed by the parties, given by the parties to their respective attorneys, or returned to the producing party. The parties are not permitted to maintain any document, or any copies of same, or any document or portions thereof containing information derived from documents or information designated by the opposing party as CONFIDENTIAL under this Agreement beyond the conclusion of this Action. The attorneys for the parties are permitted to maintain such documents in their respective files for a reasonable period of time, but such documents shall be maintained under lock and key or, if maintained electronically, under a confidential password. Within thirty (30) days of the conclusion of this Action, the parties and their attorneys shall certify in writing that the documents in their respective possession have been destroyed, returned, or maintained in the manner set forth in the preceding sentence.

15.     The rights and obligations contained in this Agreement shall survive the

conclusion of the Action and shall survive the destruction, maintenance, or return of

Confidential Information.

RESPECTFULLY SUBMITTED,

ATTORNEYS FOR THE PLAINTIFF,

/s/ C. Elizabeth Brady Murillo
Robert D. Friedman BBO# 180240
Laura R. Studen BBO# 483690
Elizabeth Brady Murillo BBO# 661397
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
Telephone: 617-345-3000
Email: rfriedman@burnslev.com
          lstuden@burnslev.com
          emurillo@burnslev.com

ATTORNEYS FOR THE DEFENDANTS,

/s/ William H. Kettlewell
William H. Kettlewell BBO# 270320
Victoria Steinberg BBO# 666482
COLLORA LLP
100 High Street, 20th Floor
Boston, MA  02110
Telephone:  617-371-1000
Email: wkettlewell@collorallp.com
          vsteinberg@collorallp.com

SO ORDERED:

_____
Douglas P. Woodlock
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 17, 2014.

*/s/ C. Elizabeth Brady Murillo*
C. Elizabeth Brady Murillo  (BBO #661397)
emurillo@burnslev.com
BURNS & LEVINSON LLP