UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACKIE HOSANG LAWSON, <br><br> Plaintiff, <br><br> v. <br><br> FMR LLC, dba FIDELITY INVESTMENTS; <br> FMR CORP., dba FIDELITY INVESTMENTS; <br> and FIDELITY BROKERAGE SERVICES <br> LLC, dba FIDELITY INVESTMENTS, <br> Defendants. | Civil Action No.: 1:08-cv-10466-DPW |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE DR. DAVID SAVITZ

Defendants FMR LLC, FMR Corp., and Fidelity Brokerage Services LLC (together, "Fidelity") move this Court to bar the Plaintiff from calling Dr. David Savitz as a witness. As explained below, Dr. Savitz has no apparent relevance to the issues to be decided by the jury in this case, and his testimony is likely to be inadmissible in any event.

### STATEMENT OF RELEVANT FACTS

On September 5, 2014, Ms. Lawson amended her initial disclosures in this matter to list eighty-five (85) potential witnesses. *See* Ex. A (September 5, 2014 Letter with First Amended Initial Disclosures). One of the individuals disclosed was Dr. David Savitz, who was listed as having "discoverable information regarding Ms. Lawson's damages." *See id.* at 10. Pursuant to a patient release executed by Ms. Lawson, Plaintiff's medical records were produced to Fidelity. *See* Ex. B (Apr. 6, 2015 Production Letter); LAWSON004184-004386.

Two days before Ms. Lawson's deposition in this case, Plaintiff's counsel served a supplemental response to Fidelity's Interrogatory No. 15, which had requested from Plaintiff every physical or mental health condition or symptom she alleged resulted from the conduct set

forth in the Complaint, as well as each of her treating physicians, specialists, therapists, mental health practitioners, or other health professionals. *See* Ex. C (September 9, 2015 Letter and Supplemental Response) at 1. The supplemental response stated that "[e]vidence of the physical and mental health damages that was [sic] caused by FMR is contained in my medical records at Beth Israel Deaconess Hospital, as well as in the records of my primary care physician Dr. David Savitz." *Id.* at 2. It went on to state that Ms. Lawson would testify to those "experiences," and that they would be corroborated by two of her friends, Ms. Agnes Connors and Ms. Judy Anderson, as well as her husband. *See id.*

Ms. Lawson has listed Dr. Savitz among the fact witnesses she intends to call at trial, on the subject of "Ms. Lawson's damages." *See* Joint Pretrial Memorandum. However, Plaintiff's produced medical records do not contain any records reflecting that, between 2005 and 2007, Dr. Savitz personally evaluated or treated the Plaintiff for any of the symptoms that she now complains Fidelity caused her to suffer. The medical records during this period either do not relate to Ms. Lawson's alleged symptoms or are signed by attending physicians *other than* Dr. Savitz. However, Plaintiff has never identified Dr. Savitz as an expert witness. *See* Ex. D (Nov. 16, 2015 Letter attaching Plaintiff's Identification of Experts).

## **STANDARD**

To be admissible, a witness must have relevant testimony to offer. *See* Fed. R. Evid. 401, 402. He or she must also have personal knowledge about which to testify. *See* Fed. R. Evid. 602. Only if a witness is testifying as an "expert" may the witness provide opinions based upon facts about which he or she lacks personal knowledge. *See id*; Fed. R. Evid. 703. Thus, if a *fact* witness can provide no relevant testimony from personal knowledge, that witness must be excluded.

**ARGUMENT**

I. **Dr. Savitz Should Be Excluded Because He Did Not Observe Ms. Lawson's Alleged Symptoms During The Relevant Time Period.**

Ms. Lawson proposes to call Dr. Savitz as a fact witness to testify to her damages in this case. *See* Joint Pre-Trial Memorandum. The only potential relevance that Dr. Savitz could have to this matter is if he were a physician with personal knowledge of Ms. Lawson's alleged medical, physical or psychiatric conditions in 2005-2007. However, Fidelity has been unable to identify *any* medical record produced by Plaintiff reflecting that, between 2005 and 2007, Dr. Savitz personally evaluated or treated the Plaintiff for any of the symptoms that she now complains Fidelity caused her to suffer. Rather, the medical reports during this period either do not relate to Ms. Lawson's alleged symptoms or appear to be the notes and observations of attending physicians *other than* Dr. Savitz. Indeed, in her supplemental responses to interrogatories, Ms. Lawson indicated that *she* would personally testify to the experiences reflected in her medical records, along with her husband and two friends. *See* Ex. C at 2.[1]

Given the Plaintiff's failure to identify any medical record, testimony, or other evidence suggesting that Dr. Savitz has relevant information from the time period at issue, Dr. Savitz should be excluded.

II. **Dr. Savitz's Proposed Testimony Should Be Excluded Because He Has Never Been Disclosed As An Expert.**

Given that Dr. Savitz has no first-hand knowledge about which to testify, his only possible role would be as an expert, providing opinion testimony as to Ms. Lawson's medical, physical, or psychiatric conditions, based upon medical records about which he lacks personal

---

[1] At her deposition, Ms. Lawson was again given the opportunity to identify whether any individuals other than those listed in the supplemental response would corroborate her medical, physical or psychiatric conditions and she declined to identify Dr. Savitz. *See* Ex. E (J. Lawson Dep. Excerpt) at 58-61.

knowledge.  *See* Fed. R. Evid. 602; Fed. R. Evid. 703.  However, Dr. Savitz has never been disclosed as an expert in this matter.  *See* Ex. D.  On the eve of trial, Plaintiff cannot end-run the requirement of expert disclosure by proposing that Dr. Savitz, who lacks relevant first-hand knowledge, will testify as to his expert opinion instead.  *See* Fed. R. Evid. 602; Fed. R. Evid. 703.

## CONCLUSION

For the foregoing reasons, Fidelity respectfully requests that the Court issue an Order granting Fidelity's motion to exclude the testimony of Dr. David Savitz.

DATED:  January 4, 2017

Respectfully submitted,

**Defendants FMR LLC; FMR Corp.; and Fidelity Brokerage Services LLC**

By their attorneys,

/s/ William H. Kettlewell
William H. Kettlewell (BBO # 270320)
Victoria L. Steinberg (BBO #666482)
Rachel M. Shapiro (BBO #688924)
COLLORA LLP
100 High Street, 20th Floor
Boston, MA 02110
(617) 371-1000
(617) 371-1037 (fax)
wkettlewell@collorallp.com
vsteingberg@collorallp.com
rshapiro@collorallp.com

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Fidelity requests oral argument on this Motion in an effort to further assist the Court in its determination.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Undersigned counsel hereby certifies that counsel for the parties have conferred in good faith to narrow the issues raised in this Motion.  Plaintiff objects to this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 4, 2017.

*/s/ William H. Kettlewell*
William H. Kettlewell