# Exhibit A

**BURNS & LEVINSON** LLP

125 SUMMER STREET  BOSTON, MA 02110
T 617.345.3000   F 617.345.3299
BURNSLEV.COM

ELIZABETH BRADY MURILLO
617-345-3230
EMURILLO@BURNSLEV.COM

September 5, 2014

***BY ELECTRONIC AND REGULAR MAIL***

William H. Kettlewell, Esquire
Victoria Steinberg, Esquire
COLLORA LLP
100 High Street
Boston, MA  02110

    *RE:*   *Lawson v. FMR, LLC, et al*
           *Civil Action No. 1:08-CV-10466-DPW*

Counsel:

    Enclosed are Plaintiff's First Amended Initial Disclosures.  Please do not hesitate to contact me with any questions in this regard.

                          Very truly yours,

                          Elizabeth Brady Murillo

Enclosures
cc.:   Robert D. Friedman, Esq. (w/out enc.)
       Laura R. Studen, Esq. (w/out enc.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACKIE HOSANG LAWSON,<br><br>Plaintiff,<br><br>vs.<br><br>FMR LLC, dba FIDELITY INVESTMENTS;<br>FMR CORP., dba FIDELITY INVESTMENTS;<br>and FIDELITY BROKERAGE SERVICES,<br>LLC, dba FIDELITY INVESTMENTS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1:08-cv-10466-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), Plaintiff Jackie Hosang Lawson ("Ms. Lawson" or "Plaintiff") hereby provides the following Amended Initial Disclosures. These disclosures amend and supercede Plaintiff's Initial Disclosures dated August 27, 2010. Plaintiff makes these initial disclosures based on information reasonably available to her at this time, prior to any discovery in this action. She is not in a position to identify every possible witness or document that she may ultimately discover or come to view as useful to support her factual claims or defenses. Plaintiff reserves the right to supplement this disclosure if and when additional responsive information becomes available. These disclosures are made without waiver of any privilege, prohibition, immunity, or limitation to disclosure. Plaintiff expressly reserves the right to object to discovery requests involving the subject matter of these disclosures.

A. **Individuals likely to have discoverable information that Plaintiff may use to support her claims or defenses**

At this time, Plaintiff reasonably believes the following individuals (besides herself) may have knowledge of the facts concerning the claims or defenses at issue in this lawsuit:

1. Judy Anderson, 202 Trapelo Road, Belmont, MA. Ms. Anderson has discoverable information regarding Ms. Lawson's damages;

2. Rich Augugliaro, Fidelity Investments. Mr. Augugliaro has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Fidelity's unlawful actions towards Ms. Lawson and Ms. Lawson's job performance;

3. Sarah Biller, Fidelity Investments. Ms. Biller has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

4. Eric Bocan, address unknown. Mr. Bocan has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

5. Scott Bonacci, Fidelity Investments. Mr. Bonacci has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

6. Nigel Brashaw, Price Waterhouse Coopers, (857) 241 9655. Mr. Brashaw has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

7. Claire Cadogan, Fidelity Investments. Ms. Cadogan has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

8. John Cahill, Fidelity Investments. Mr. Cahill has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, and Fidelity's unlawful actions toward Ms. Lawson;

9. Dave Calvani, Fidelity Investments. Mr. Calvani has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

10. Robin Cannon, Fidelity Investments. Mr. Cannon has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

11. Margaret Carey, Fidelity Investments. Ms. Carey has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

12. Mike Ciarcia, Fidelity Investments. Mr. Ciarcia has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

13. Betsy Connolly, Mobile: (508) 450-6776. Ms. Connolly has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

14. Agnes Connors, Winter Street, Lincoln, MA. Ms. Connors has discoverable information regarding Ms. Lawson's damages;

15. Robert Cummings, Fidelity Investments. Mr. Cummings has discoverable information regarding Fidelity's unlawful actions towards Ms. Lawson;

16. Nati Davidi, Fidelity Investments. Ms. Davidi has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

17. John Farinacci, Fidelity Investments. Mr. Farinacci has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

18. Mike Freeman, Liberty Mutual. Mr. Freeman has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

19. Lisa Fruscella, Fidelity Investments. Ms. Fruscella has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

20. Michelle Gillan, Fidelity Investments. Ms. Gillan has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

21. Scott Goebel, Fidelity Investments. Mr. Goebel has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

22. Lena Goldberg, Fidelity Investments. Ms. Goldberg has discoverable information regarding Ms. Lawson's reporting of information;

23. Joe Guinta, 12 Nichols Road, Middleton, Ma 01949 (978) 777-3192. Mr. Guinta has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, and Fidelity's unlawful actions toward Ms. Lawson;

24. Colleen Hankins, Fidelity Investments. Ms. Hankins has discoverable information regarding Ms. Lawson's reporting of information;

25. Brian Herr, Price Waterhouse Coopers. Mr. Herr has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

26. Alison Horton, address unknown. Ms. Horton has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), and Fidelity's unlawful actions toward Ms. Lawson;

27. Brian Johnson, Price Waterhouse Coopers. Mr. Johnson has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

28. Casey Johnson, Fidelity Investments. Ms. Johnson has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, and Fidelity's unlawful actions toward Ms. Lawson;

29. Scott Johnson, Omgeo LLC, 55 Thompson Place, Boston, Ma 02210, Office: (617) 856-1973 Mobile: (857) 294-4359. Mr. Johnson has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), and Fidelity's unlawful actions toward Ms. Lawson;

30. Steve Jonas, address unknown. Mr. Jonas has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

31. Astor Lawson, 27 Kilsyth Road, Brookline, MA 02445. Mr. Lawson has discoverable information regarding Ms. Lawson's damages;

32. Christopher Kassai, Fidelity Investments. Mr. Kassai has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

33. Natalie Kavanuagh, Fidelity Investments. Ms. Kavanuagh has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

34.   Amy Keene, Fidelity Investments. Ms. Keene has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

35.   Marthe Kent, Occupational Safety & Health Administration, U.S. Department of Labor. Ms. Kent has discoverable information regarding Ms. Lawson's complaint to the DOL.

36.   Harris Komishane, Fidelity Investments. Mr. Komishane has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

37.   Stacey Korsak, Fidelity Investments. Ms. Korsak has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

38.   Kent Liston, Fidelity Investments. Mr. Liston has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

39.   John Lunter, Fidelity Investments. Mr. Lunter has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

40.   Tomas Lux, Fidelity Investments. Mr. Lux has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

41.   Richard Lyons, Fidelity Investments. Mr. Lyons has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

42. Susan Mahan, Fidelity Investments. Ms. Mahan has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions toward Ms. Lawson;

43. Mark Martello, address unknown. Mr. Martello has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

44. Buddy McClean, Fidelity Investments. Mr. McClean has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

45. Ellen McColgan, address unknown. Ms. McColgan has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

46. Gerard McGraw, Fidelity Investments. Mr. McGraw has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

47. Mark McManus, Mark, Fidelity Investments. Mr. McManus has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

48. Susan McSwain, Fidelity Investments. Ms. McSwain has discoverable information regarding Ms. Lawson's reporting of information,

49. Linda Melkonian, address unknown. Ms. Melkonian has discoverable information regarding Fidelity's unlawful actions toward Ms. Lawson;

50. Jack Mizerack, Fidelity Investments. Mr. Mizerack has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

51. Kelly Monahan, address unknown. Ms. Monahan has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

52. Kimberly Monasterio, Fidelity Investments. Ms. Monasterio has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

53. Liz Moore, Fidelity Investments. Ms. Moore has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

54. Tim Moran, address unknown. Mr. Moran has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

55. Donna Morris, address unknown. Ms. Morris has discoverable information regarding Ms. Lawson's job performance.

56. Ellen Moynihan, Securities and Exchange Commission, Boston, MA. Ms. Moynihan has discoverable information regarding Ms. Lawson's reporting of information;

57. Eric Olson, Fidelity Investments. Mr. Olson has discoverable information regarding Ms. Lawson's reporting of information and Fidelity's unlawful actions toward Ms. Lawson;

58. Joe Paci, address unknown. Mr. Paci has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

59. Dave Pett, address unknown. Mr. Pett has discoverable information regarding Ms. Lawson's job performance;

60. Jeffrey Piorkowski, Fidelity Investments. Mr. Piorkowski has discoverable information regarding Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

61. Kristin Pisano, Price Waterhouse Coopers. Ms. Pisano has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

62. Kathryn Polak, Fidelity Investments. Ms. Polak has discoverable information regarding Ms. Lawson's reporting of information;

63. James Powell, Fidelity Investments. Mr. Powell has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1);

64. Jean Raymond, Fidelity Investments. Ms. Raymond has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

65. Clare Richer, Putnam Investments. Ms. Richer has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

66. Tim Rooney, Fidelity Investments. Mr. Rooney has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's

reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

67. Kristin Rubino, Occupational Safety & Health Administration, U.S. Department of Labor. Ms. Rubino has discoverable information regarding Ms. Lawson's complaint to the DOL.

68. David Savitz, M.D., Beth Israel Deaconess HealthCare – Boston, 294 Washington Street, Boston, MA. Dr. Savitz has discoverable information regarding Ms. Lawson's damages.

69. Christine Selmi, Fidelity Investments. Ms. Selmi has discoverable information regarding Ms. Lawson's job performance;

70. Chuck Senatore, Fidelity Investments. Mr. Senatore has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

71. Janice Smaga, address unknown. Ms. Smaga has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1), Ms. Lawson's reporting of information, and Fidelity's unlawful actions toward Ms. Lawson;

72. Kate Steed, Fidelity Investments. Ms. Steed has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Fidelity's unlawful actions towards Ms. Lawson;

73. Linda Stephenson, Fidelity Investments. Ms. Stephenson has discoverable information regarding Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

74. Patty Thibodeau, Fidelity Investments. Ms. Thibodeau has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

75. Nilgun Tolek, Occupational Safety & Health Administration, U.S. Department of Labor. Ms. Tolek has discoverable information regarding Ms. Lawson's complaint to the DOL;

76. David Trerice, Price Waterhouse Coopers. Mr. Trerice has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

77. Derek Vachon, address unknown. Mr. Vachon has discoverable information regarding Ms. Lawson's job performance;

78. June Vallaincourt, Lewiston, ME. Ms. Vallaincourt has discoverable information regarding Ms. Lawson's damages;

79. Mary Ellen Walsh, Fidelity Investments. Ms. Walsh has discoverable information regarding Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

80. Beth Webster, Fidelity Investments. Ms. Webster has discoverable information regarding Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

81. Ellen Wilson, Fidelity Investments. Ms. Wilson has discoverable information regarding Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

82. Wynant, Js, Fidelity Investments. Mr. Wynant has discoverable information regarding Fidelity's reportable conduct under 18 U.S.C. § 1514A(a)(1) and Ms. Lawson's reporting of information;

83. Elizabeth Yash, Fidelity Investments. Ms. Yash has discoverable information regarding Ms. Lawson's reporting of information, Fidelity's unlawful actions toward Ms. Lawson and Ms. Lawson's damages;

84. Fung-Wind Yee, Fidelity Investments. Mr. Yee has discoverable information regarding Ms. Lawson's reporting of information and Fidelity's unlawful actions toward Ms. Lawson;

85. Wendy Zazik, Fidelity Investments. Ms. Zazik has discoverable information regarding Ms. Lawson's reporting of information.

B. **Documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control and that Plaintiff may use to support her claims**

1. Ms. Lawson's personnel file (copy);
2. Ms. Lawson's list of awards from Fidelity;
3. Ms. Lawson's letters, e-mails, presentations, charts, spreadsheets and attached documents relating to Fidelity's reportable conduct to Fidelity Investments, Fidelity Board of Trustees, the Securities and Exchange Commission, members of Congress (copies);
4. Ms. Lawson's e-mail correspondence with Fidelity employees and Price Waterhouse Coopers regarding potentially reportable conduct (print-outs);
5. Ms. Lawson's submissions to OSHA with attachments (copies);
6. Documents printed from Fidelity.com website;
7. Letters from Fidelity to Ms. Lawson;

8. E-mails concerning Fidelity's reportable conduct, Ms. Lawson's reporting of information, and Fidelity's unlawful actions toward Ms. Lawson (print-outs);

9. Calendar print-out;

10. Documents produced in response to subpoena in Bennett v. FMR Co., 1:04-cv-11651-MLW (copies).

The documents are either in Plaintiff's possession or in the possession of her attorneys. Plaintiff reserves the right to supplement the list of documents relevant to this litigation, whenever and if any such documents become known to her.

**C.  Computation of damages claimed by Plaintiff**

Plaintiff has incurred substantial damages relating to Defendants' wrongful conduct as alleged in the Complaint. The exact dollar amount of these damages has yet to be determined and will be supplemented as discovery proceeds in this matter. Plaintiff claims all relief necessary to make her whole, including the following categories of damages:

1. Lost back pay, front pay, benefits, 401(k), Fidelity shares, and other compensation awarded to Fidelity employees, estimated at $3,000.000.00

2. Reputational and emotional harm, estimated at $300,000.00

3. Attorneys fees and costs, expert witness fees, estimated at $2,000,000.00

4. Running prejudgment interest, estimated at $1,176,000.00

The Plaintiff reserves her right to supplement and amend these disclosures as appropriate.

**D.  Insurance Policies**

Plaintiff is not aware of any insurance policy under which any insurance carrier may be liable to satisfy any judgment or any part thereof that might be entered in this action, other than a policy identified by Defendants in their First Amended Initial Disclosures.

Respectfully submitted,

Plaintiff

JACKIE HOSANG LAWSON

By her attorneys,

*/s/ Elizabeth Brady Murillo*

Robert D. Friedman (BBO # 180240)
rfriedman@burnslev.com
Laura R. Studen (BBO# 483690)
lstuden@burnslev.com
C. Elizabeth Brady Murillo (BBO #661397)
emurillo@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated:  September 5, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 5, 2014, I caused a copy of the foregoing document to be served by electronic and regular mail upon counsel for the Defendants:

William H. Kettlewell
wkettlewell@collorallp.com
Victoria Steinberg
vsteinberg@collorallp.com
COLLORA LLP
100 High Street
Boston, MA 02110

*/s/ Elizabeth Brady Murillo*

C. Elizabeth Brady Murillo (BBO #661397)
emurillo@burnslev.com
BURNS & LEVINSON LLP

4820-5496-9886.1

14