UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACKIE HOSANG LAWSON, | )<br>) |
| Plaintiff, | )<br>)   CIVIL ACTION NO.<br>)   08-10466-DPW |
| v. | )<br>) |
| FMR LLC, dba FIDELITY INVESTMENTS;<br>FMR CORP., dba FIDELITY<br>INVESTMENTS; and FIDELITY<br>BROKERAGES SERVICES LLC, dba<br>FIDELITY INVESTMENTS | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

VERDICT

1.A   Has Ms. Lawson proven by a preponderance of the evidence she had an actual subjective belief that Fidelity's conduct could constitute violation of Federal law relating to fraud against Fidelity's Mutual Fund shareholders?

(ANSWER "YES" OR "NO")   __NO__.

1.B   Has Ms. Lawson proven by a preponderance of the evidence she had an objectively reasonable belief that Fidelity's conduct could constitute violation of Federal law relating to fraud against Fidelity's Mutual Fund shareholders?

(ANSWER "YES" OR "NO")   __NO__.

**If you have answered "NO" to either Question 1.A or Question 1.B, answer no further questions and sign, date the last page and return your Verdict.  Otherwise, turn to Question 2.**

2.   What is the earliest date Ms. Lawson has proven by a preponderance of the evidence Fidelity had notice she was engaged in the protected activity of providing information concerning her reasonable belief that Fidelity's conduct could constitute violation of Federal law relating to fraud against Fidelity's Mutual Fund shareholders?

(ANSWER BY IDENTIFYING DATE, MONTH and YEAR)   _____.

Answer only those questions in the subparts of Section 3.A concerning activity occurring on or after the date you have established in your Answer to Question 2.

3.A    Has Ms. Lawson proven by a preponderance of the evidence she suffered adverse employment action by Fidelity in any one or more of the following ways?

    (i)    She was constructively discharged from employment in September 2007.

        (ANSWER "YES" OR "NO")   _____.

    (ii)    She undeservedly received no salary increase in July 2007.

        (ANSWER "YES" OR "NO")   _____.

    (iii)    She received a lower than deserved bonus and no Chairman's shares in December 2006.

        (ANSWER "YES" OR "NO")   _____.

    (iv)    She received a lower than deserved salary increase in July 2006.

        (ANSWER "YES" OR "NO")   _____.

    (v)    She received a lower than deserved bonus and no Chairman's shares in December 2005.

        (ANSWER "YES" OR "NO")   _____.

    (vi)    She received a lower than deserved salary increase in July 2005.

        (ANSWER "YES" OR "NO")   _____.

    (vii)    She was subjected to harassment in her workplace.

        (ANSWER "YES" OR "NO")   _____.

If you have answered "NO" to all Questions in the subparts of Section 3.A, answer no further questions and sign, date the last page and return your Verdict.  Otherwise, turn to Section 3.B.

**Answer only those questions in the subparts to Section 3.B parallel to those questions in the subparts of Section 3.A to which you have answered 'YES."**

3.B  Has Ms. Lawson proven by a preponderance of the evidence that retaliation for engaging in the protected activity of providing information concerning her reasonable belief that Fidelity's conduct could constitute violation of Federal law relating to fraud against Fidelity's Mutual Fund shareholders was a contributing factor to any adverse employment action you have found in your answers to the questions posed in Section 3.A?

   (i)    She was constructively discharged from employment in September 2007.
          (ANSWER "YES" OR "NO")                                       _____.

   (ii)   She undeservedly received no salary increase in July 2007.
          (ANSWER "YES" OR "NO")                                       _____.

   (iii)  She received a lower than deserved bonus and no Chairman's shares in December 2006.
          (ANSWER "YES" OR "NO")                                       _____.

   (iv)   She received a lower than deserved salary increase in July 2006.
          (ANSWER "YES" OR "NO")                                       _____.

   (v)    She received a lower than deserved bonus and no Chairman's shares in December 2005.
          (ANSWER "YES" OR "NO")                                       _____.

   (vi)   She received a lower than deserved salary increase in July 2005.
          (ANSWER "YES" OR "NO")                                       _____.

   (vii)  She was subjected to harassment in her workplace.
          (ANSWER "YES" OR "NO")                                       _____.

**If you have answered "NO" to all questions in the subparts of Section 3.B that you are obligated to answer, then answer no further questions and sign, date the last page and return your Verdict. Otherwise, turn to Section 3.C.**

3

Answer only those questions in the subparts to Section 3.C parallel to those questions in the subparts of Section 3.B. to which you have answered "YES."

3.C  Has Fidelity has proven by clear and convincing evidence that it would have taken the same adverse employment action you have found retaliatory in response to questions posed in Section 3.B with respect to Ms. Lawson, regardless of Ms. Lawson's protected activity?

    (i)  She was constructively discharged from employment in September 2007.

        (ANSWER "YES" OR "NO")        _____.

    (ii)  She undeservedly received no salary increase in July 2007.

        (ANSWER "YES" OR "NO")        _____.

    (iii)  She received a lower than deserved bonus and no Chairman's shares in December 2006.

        (ANSWER "YES" OR "NO")        _____.

    (iv)  She received a lower than deserved salary increase in July 2006.

        (ANSWER "YES" OR "NO")        _____.

    (v)  She received a lower than deserved bonus and no Chairman's shares in December 2005.

        (ANSWER "YES" OR "NO")        _____.

    (vi)  She received a lower than deserved salary increase in July 2005.

        (ANSWER "YES" OR "NO")        _____.

    (vii)  She was subjected to harassment in her workplace.

        (ANSWER "YES" OR "NO")        _____.

If you have answered "YES" to all questions that you are obligated to answer in the subparts to Section 3.C., answer no further questions and sign, date the last page and return your Verdict. Otherwise, turn to the instructions for Question 4.A(i).

**Answer Question 4.A(i) only if you have answered "NO" to any one or more of Questions 3.C(ii)-(vii) you were obligated to answer. Otherwise, turn to the instructions for Question 4.A(ii)(a)).**

4.A  (i) What dollar amount of damages, if any, has Ms. Lawson proven by a preponderance of the evidence Fidelity owes her as lost wages and other economic benefits through the date of this trial as a result of retaliatory adverse employment action she received while she was employed by Fidelity?

Answer in Dollars ("$") OR "NONE."  _____.

**Answer Question 4.A(ii)(a) only if you have answered "NO" to Question 3.C(i).**

(ii) (a) Has Fidelity proven by a preponderance of the evidence that Ms. Lawson failed to mitigate her damages for lost wages and other economic benefits after she left Fidelity's employ?

(ANSWER "YES" OR "NO")  _____.

**If you have answered "YES" to Question 4.A(ii)(a), you may include in any damage amount you determine in your answer to Question 4.A(ii)(b) below only damages for any time period, after her employment with Fidelity and up to the date of your verdict, during which you find Ms. Lawson used reasonable diligence under the circumstances to reduce her damages.**

(ii) (b) What dollar amount of damages, if any, has Ms. Lawson proven by a preponderance of the evidence Fidelity owes her as lost wages and other economic benefits after she left Fidelity's employ through the date of this trial?

Answer in Dollars ("$") OR "NONE."  _____.

4.B.    What dollar amount of damages, if any, has Ms. Lawson proven by a preponderance of the evidence Fidelity owes her for emotional distress as a result of the retaliatory employment action you have found?

Answer in Dollars ("$") OR "NONE."                                                    _____.

11/14/17
DATE

/s/ Glaucia M. U.
FOREPERSON