UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACKIE HOSANG LAWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 08-10466-DPW |
| FMR LLC, dba FIDELITY INVESTMENTS; FMR CORP., dba FIDELITY INVESTMENTS; and FIDELITY BROKERAGES SERVICES LLC, dba FIDELITY INVESTMENTS | ) ) ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM AND ORDER
July 12, 2018

Along the path to an unsuccessful jury verdict with respect to her claim of alleged illegal retaliation by her employer Fidelity Investments, the plaintiff, Jackie Hosang Lawson, achieved an important interlocutory victory in the Supreme Court affirming the right to pursue such a theory under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A.  *Lawson* v. *FMR LLC*, 571 U.S. 429, 134 S.Ct 1158, 188 L.Ed.2d 158 (2014).[1]  Ms. Lawson now seeks a partial award of attorney fees for that interlocutory success.

---

[1] The instant case was one of two separate matters — this one brought by Ms. Lawson, the other by Jonathan Zang, *Zang* v. *Fidelity Management & Research Co.*, No. 08-cv-10758-DPW — in which by a consolidated memorandum I declined to grant a motion to dismiss Sarbanes-Oxley whistleblower claims against Fidelity entities.  *Lawson* v. *FMR LLC*, 724 F. Supp. 2d 141 (D. Mass. 2010).  I certified my decision for interlocutory appeal.  *Lawson* v. *FMR LLC*,

Ms. Lawson's right to attorney fees turns on whether she may be termed a prevailing party in a case where judgment on the merits of her substantive claims ultimately entered for the defendant. *Hewitt* v. *Helms*, 482 U.S. 755, 759, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) ("In order to be eligible for attorney's fees . . . a litigant must be a 'prevailing party.'"). She asserts she is a prevailing party to the degree of her interlocutory victory because the first of the prayers she made for relief in her complaint was for a declaration that the defendant "Fidelity Investments, as a contractor and/or a subcontractor to Fidelity Mutual Funds, is a covered employer under 18 U.S.C. § 1514A." That is the legal issue as to which she was successful in the Supreme Court.

As a formal procedural predicate for attorney fees on this basis, Ms. Lawson seeks to amend the judgment in this case to recognize by means of a separate declaration her interlocutory procedural victory. I decline to engage in that sleight of hand. The core purpose of a declaratory judgment is the termination of the case or controversy before the court on the basis of largely undisputed facts. 28 U.S.C. § 2201(a) (authorizing federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" and noting that

---

724 F. Supp. 2d 167 (D. Mass. 2010). On appeal, the First Circuit reversed my underlying decision with respect to the applicability of the Sarbanes-Oxley whistleblower claims. *Lawson* v. *FMR LLC*, 670 F.3d 61 (1st Cir. 2012). The Supreme Court in turn reversed the decision of the First Circuit. *Lawson* v. *FMR LLC*, 571 U.S. 429, 134 S.Ct. 1158, 188 L.Ed.2d 158 (2014). Mr. Zang thereafter settled his case with Fidelity. Ms. Lawson proceeded to trial where the jury rejected her Sarbanes-Oxley claim on the merits. She is pursuing an appeal *pro se*. *Lawson* v. *FMR LLC*, appeal docketed No. 17-2220 (1st Cir. Dec. 19, 2017).

"[a]ny such declaration shall have the force and effect of a final judgment or decree"); *see Hewitt*, 482 U.S. at 760-63 (noting that a declaratory judgment is a form of "[r]edress . . . sought *through* the court, but *from* the defendant" and concluding that "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party'" because a favorable statement of law that has no impact on the relationship between the plaintiff and the defendant is not equivalent to a declaratory judgment) (emphasis in original).  This case was never in that posture.  I would not in the ordinary course enter a declaratory judgment that did not serve the core purpose of the declaratory judgment procedure.  To do otherwise would be to issue an advisory opinion.

More specifically, I conclude that in the context of this litigation, the declaration sought in Ms. Lawson's prayer for relief does not exist as a stand-alone claim.  Rather, it is a procedural dimension to the substantive claim Ms. Lawson unsuccessfully pursued.  Achieving an interlocutory procedural victory in a case where final judgment enters for the opposing party, does not confer prevailing party status upon the party against whom final judgment enters. *See Buckhannon Bd. & Care Home, Inc.* v. *West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) ("a 'prevailing party' is one who has been awarded some relief by the court."); *Hewitt*, 482 U.S. at 760 (noting that a plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail" and that "an interlocutory ruling that [a plaintiff's] complaint should not have been

dismissed for failure to state a constitutional claim . . . is not the stuff of which legal victories are made"); *Hanrahan* v. *Hampton*, 446 U.S. 754, 758-59, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) ("Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims," and "procedural or evidentiary rulings . . . were . . . not matters on which a party could 'prevail.'"); *Gay Officers Action League* v. *Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001) ("a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") (quoting *Farrar* v. *Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)) (internal quotation marks omitted).

The fully and vigorously litigated trial of this case on the merits underscores that Ms. Lawson's success in establishing a right to pursue her claims was only one hurdle to resolution on the merits.  While grounding that right in the Sarbanes-Oxley Act was a necessary condition to prevailing status for her, it was not sufficient.  Artificially restyling the basis for pursuing the claim as a separate declaratory judgment does not transform ultimate lack of success into a partial victory entitled to recognition as a basis for establishing prevailing party status under the law of attorney fees.

Accordingly, I hereby DENY both the motion (#378) to alter judgment and the motion (#380) for attorney fees.

                                                   */s/ Douglas P. Woodlock*
                                                   DOUGLAS P. WOODLOCK
                                                   UNITED STATES DISTRICT JUDGE